25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In re Curtis R. CATRON, Debtor.
Curtis R. CATRON, Plaintiff-Appellant,
v.
Ramon W. BREEDEN, Jr.; Ramon W. Breeden, Jr. and Marian R.
Breeden, Trustees, U/A Mary Jane Breeden,
Defendants-Appellees,
and
United States Trustee, Party in Interest.
 No. 93-2227.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 10, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-92-793, BK-91-25827)
 ARGUED: Frank James Santoro, Marcus, Santoro & Kozak, Portsmouth, VA, for appellant.
 Ross Campbell Reeves, Willcox & Savage, P.C., Norfolk, VA, for appellees.
 ON BRIEF: Joseph Todd Liberatore, Ann Burke Brogan, Marcus, Santoro & Kozak, Portsmouth, VA, for appellant.
 Peter G. Zemanian, John D. McIntyre, Willcox & Savage, P.C., Norfolk, VA, for appellees.
 E.D.Va.
 AFFIRMED.
 Before MICHAEL, Circuit Judge, BUTZNER, Senior Circuit Judge, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Curtis R. Catron (Catron) entered into a general partnership with Ramon W. Breeden Jr. individually (Breeden) and with Ramon W. Breeden Jr. and Marian R. Breeden as trustees under the Revocable Trust Agreement of Mary Jane Breeden (Trustees). Catron held a fifty percent interest in the partnership, which was formed to develop a shopping center. Under the partnership agreement, when a partner filed for bankruptcy, the other partners had the option to purchase the bankrupt partner's partnership interest. In such event, if the bankrupt partner and purchasing partner could not agree on a purchase price, the agreement provided that an independent appraiser would determine fair market value with no discount for lack of marketability or minority interest.
 
 
 2
 On November 29, 1990, Breeden, the managing general partner, made a capital call on the partners. Catron was unable to pay his $108,500 share and consequently had to borrow the entire sum from Breeden. On September 18, 1991, Breeden made another capital call on the partners. Catron's share of this call was $100,000, but he did not contribute anything.
 
 
 3
 On October 17, 1991, Catron filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. Sec. 362(d), Breeden and the Trustees moved for relief from the automatic stay in order to exercise the buy-out option contained in the partnership agreement. The bankruptcy court granted the motion for relief from the stay. In re Catron, 158 B.R. 624 (Bankr.E.D. Va.1992). The district court affirmed, concluding, inter alia, that, pursuant to 11 U.S.C. Sec. 365(c)(1)(A), the partnership agreement was the type of executory contract that could not be assumed by Catron, a debtor-in-possession, absent consent of the nondebtor parties as required by Sec. 365(c)(1)(B). The court also concluded that the buy-out option was not an invalid ipso facto clause, because the partnership agreement satisfied Sec. 365(e)(2)(A). In re Catron, 158 B.R. 629 (E.D. Va.1993). We affirm substantially on the reasoning of the district court.*
 
 AFFIRMED
 
 
 *
 Unlike the district court, we express no opinion whether subsections 365(c) and 365(f) are irreconcilable. Subsection 365(c) governs this dispute, and subsection(f) in any event is expressly subject to subsection (c)